FILED

08/21/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

**STATE OF TENNESSEE v. TYSON B. DODSON**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2018-CR-29     Jill Bartee Ayers, Judge**

_____

**No. M2018-01087-CCA-R3-CD**
_____

The Defendant, Tyson B. Dodson, pled guilty to burglary, failure to appear, domestic assault, and vandalism valued at $1000 or less. After entering a guilty plea, the trial court imposed a sentence of three years, with eleven months and twenty-nine days to be served in confinement and the remainder of the sentence to be served under supervised probation. In addition, the Defendant was ordered to pay restitution in the amount of $999. On appeal, the Defendant contends that the trial court abused its discretion by altering the terms of the plea agreement and ordering restitution at the sentencing hearing and that the Defendant was denied his constitutional right to due process because the trial court failed to ensure that the Defendant had notice that restitution would be addressed at the sentencing hearing. Following our review, we reverse the order setting the restitution amount and remand for a restitution hearing, at which the trial court shall consider Defendant's financial resources and ability to pay and determine the proper amount and schedule of restitution payments. In all other respects, the judgments are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court**
**Affirmed in Part and Reversed in Part; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Roger E. Nell, District Public Defender; and Rosemary Sprague, Assistant District Public Defender, for the Appellant, Tyson B. Dodson.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Jason Christian White, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

The Defendant in this case was indicted on multiple offenses committed between May 2017 and September 2017. On April 12, 2018, the Defendant pled guilty to burglary, failure to appear, domestic assault, and vandalism. See Tenn. Code Ann. §§ 39-14-103, -14-105, -14-402, -14-403, -14-408. By agreement, the Defendant received concurrent sentences for all four convictions, including a three-year sentence for burglary, one-year sentence for failure to appear, eleven months and twenty-nine days for domestic violence, and eleven months and twenty-nine days for vandalism. The trial court was to determine the Defendant's manner of service. Because the Defendant only raises the issue of restitution and notice of restitution in his appeal, we will limit our discussion to the facts pertinent to those issues.

The sentencing hearing to determine the Defendant's manner of service proceeded as follows. At the beginning of the hearing, the trial court acknowledged the presentence report. Prior to the beginning of testimony, the trial court referred to the Defendant's plea agreement. As stipulated in the agreement, the Defendant pled guilty on the aforementioned charges with an effective sentence of three years. The trial court asked if the Defendant understood that he would not have the right to appeal his convictions but would have the right to appeal the sentence. The Defendant answered in the affirmative.

The State's witness, Kathleen Noble, testified that the Defendant resided with her for a "short time." Ms. Noble testified that she owned a 1993 Ford F-150 truck that was left to her upon her husband's death some five years prior. Ms. Noble stated that in May 2017, the Defendant "ripped out the wires of [her] brand new alternator and [her] brand new starter. . . [and] [h]e took the freezer plug out so when [she] went to drive it, it overheated and ruined the engine." When questioned about her opinion regarding the truck's monetary value, Ms. Noble stated that she could not assign a value "because it was [her] husband's truck and he loved that truck and that was everything to [her] but [she] had somebody offer [her] twenty-five hundred dollars for it." Ms. Noble testified that this offer came three weeks before the Defendant vandalized the truck.

In addition, Ms. Noble asserted that on the same day, the Defendant damaged a "lawn tractor" that she also owned. Ms. Noble stated that the Defendant "put ammonia in the gas tank and blew it up[.]" When asked about the monetary value of the tractor, Ms. Noble testified that she "paid fifteen hundred dollars and [she] sure didn't get much work out of it[.]" It should be noted that the indictment charged the Defendant with damage to

a Ford F-150 truck, but not a lawn tractor. The lawn tractor was also not mentioned at the guilty plea hearing.

Upon cross-examination, Ms. Noble stated that she was not home when the vandalism occurred. She offered no testimony as to the value of the damage to the vehicle or the cost to repair the damage caused by the Defendant.

The Defendant testified that he was on unsupervised probation during the May 2017 vandalism. The Defendant stated that he had been on probation at other times in his life and had always successfully completed probation. The Defendant stated that this was his first felony conviction. The Defendant asserted that he would have no problem complying with a probationary sentence, including passing drug screens, and that he had a plan if he were to be released. The Defendant testified that he had two children and that he maintained a good relationship with them.

The Defendant called Lance Dodson, his brother, to testify. The Defendant's brother stated that they had been in contact while the Defendant had been incarcerated. The Defendant's brother stated that he had helped the Defendant make plans for his release from jail, including lining up a job at "Rock City Machine," providing the Defendant with a place to live, and a vehicle for the Defendant to drive.

The trial court found that the Defendant was not a favorable candidate to be released immediately on probation because of his criminal history. The trial court found that "with regard to measures less restrictive being successful in the past, also looking at sentencing needing to be the least severe measure," the Defendant was to serve eleven months and twenty-nine days incarcerated and the balance of the three-year sentence was to be served on supervised probation. The court also found that the Defendant's restitution to the victim "was properly before the [c]ourt" and ordered the amount of $999 in restitution to be paid to the victim.

The Defendant timely filed a notice of appeal. The case is now before us for review.

## ANALYSIS

On appeal, the Defendant contends that the trial court abused its discretion by altering the terms of a plea agreement, by denying the Defendant's constitutional right to due process by failing to ensure that he had notice of a possible restitution ruling at his sentencing hearing, and by awarding restitution. The State responds that the trial court did not alter the terms of the plea agreement, but acknowledges that the trial court did fail

to make the proper findings regarding the amount of restitution and the Defendant's ability to pay.  We agree with the State.

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."  Boykin v. Alabama, 89 S.Ct. 1709 (1969).  A guilty plea "must be entered knowingly, voluntarily, and intelligently."  Garcia v. State, 425 S.W.3d 248, 262 (Tenn. 2013).  "By entering a guilty plea, the defendant waives certain constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right to confront the witnesses."  Id.  "If the court accepts the plea agreement, the court shall advise the defendant that it will embody in the judgment and sentence the disposition provided in the plea agreement."  Tenn. R. Crim. P. 11(c)(4).

The Defendant listened as his counsel announced to the court that he planned to enter a guilty plea on four cases.  The trial court reviewed each plea and confirmed on the record that the Defendant waived his rights and entered a guilty plea for each of his four cases.  Lastly, the trial court informed the Defendant that he would "have a sentencing hearing and if [he was] not happy with the [c]ourt's ruling on that, [he] would have a right to appeal the sentencing but not the guilty conviction."  The Defendant agreed.  In addition, the Defendant signed an order stating that he intelligently and understandingly waived his right to a trial by jury of his own free will and with no pressure or promises, desiring to plead guilty to all four charges.

As stated above, the plea agreement provided for an effective three-year sentence with the manner of service to be decided by the trial court.  The agreement was carried out to the letter.   The court was tasked with selecting the appropriate sentence from the statutory sentencing alternatives.  The sentencing alternatives list includes payment of restitution in addition to any other sentence authorized by the code section. See Tenn. Code Ann. § 40-35-104(c)(2)(4).  A sentence of continuous confinement in the local jail followed by a term of probation is likewise authorized. Id.  Neither the terms of the plea agreement nor the trial court's ruling at the plea hearing restricted the sentencing alternatives available to the trial court in any way.  Hence, the Defendant was aware that restitution was among the possible sentencing alternatives.

In summary, the terms of the plea agreement provided for an effective sentence of three years of which this case was a part.  In addition, the agreement provided that the manner of service of the sentence would be determined at a later sentencing hearing. Because restitution is among the permissible statutory sentencing alternatives, the Defendant was on notice that payment of restitution could be ordered by the trial court judge, and the Defendant is not entitled to relief on this basis.

Although the Defendant was aware that restitution was an available sentencing alternative, the presentence report contains no information concerning restitution. In fact, restitution was not addressed during the sentencing hearing until the Assistant District Attorney mentioned it to the trial court after the sentence had been announced.

A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation. See Tenn. Code Ann. § 40-35-304. Whenever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests such, the court shall order the presentence officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss. Id. The court shall specify at the time of the sentencing hearing the amount and time of payment or other restitution to the victim and may permit payment or performance in installments. Id. The court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense. Id. In determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform. Id. The appropriate standard of review for a restitution order is abuse of discretion with a presumption of reasonableness. See State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012); State v. Bohanon, No. M2012-02366-CCA-R3CD, 2013 WL 5777254 (Tenn. Crim. App. Oct. 25, 2013).

Upon review, we conclude the trial court abused its discretion by not following the proper procedure when awarding restitution. The State's proof for restitution consisted solely of testimony from the victim. Based on Ms. Noble's testimony that she had been offered "twenty-five hundred dollars" for the F-150 truck, the trial court ordered restitution in the amount of $999. The trial court stated, "[Ms. Noble] testified and it is a misdemeanor offense, so I was going to – under a thousand dollars, so I am going to order restitution of nine hundred and ninety-nine dollars." The State offered no proof of the damages caused to Ms. Noble's truck by the Defendant's vandalism.

Additionally, the trial court did not direct the presentence officer to include documentation in the presentence report regarding the nature and amount of the victim's pecuniary loss. The trial court did not specify the time of payment or establish a payment schedule. The trial court failed to determine the amount and method of payment and did not consider the financial resources and future ability of the Defendant to pay. Accordingly, the trial court has failed to properly establish an amount and payment schedule for restitution. We remand the case to the trial court for a hearing to properly determine the amount of restitution, as well as an appropriate payment schedule.

**CONCLUSION**

Based upon the foregoing, the judgments of the trial court are affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE